27 C.C.P.A.(Patents)

## In re JAGIELKY.
### Patent Appeal No. 4234.

Court of Customs and Patent Appeals.
Feb. 26, 1940.

Roy W. Johns, of Philadelphia, Pa. (Norbert E. Birch, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner, rejecting all of the claims, 13 to 15 inclusive, of an application for a patent relating to the treatment of fresh meat.

It is stated in the application that one of the objects of the alleged invention is to provide a method of aging beef and another is for a method of protecting the cut surfaces of meat cuts.

The claims on appeal are all directed to the method of aging beef, and read as follows:

"13. The method of aging beef cuts which comprises coating the cut surfaces of the beef cuts with oleo stock and storing the beef cuts at refrigerating temperatures.

"14. In the aging of beef cuts, the step of applying oleo stock to the cut surfaces of the beef cuts.

"15. In the aging of beef cuts, the method of protecting the cut surfaces which comprises applying to the cut surfaces oleo stock at a temperature of approximately 150° F., permitting the oleo stock to solidify, and holding the beef cuts under refrigeration until aged."

The examiner rejected the claims as lacking invention over each of the references of record which are:

Hall et al., 1,914,351, June 13, 1933;
Hopkins, 1,098,575, June 2, 1914;
Linley (Br.) 404,871, Jan. 25, 1934;
Brewis (Br.) 399,648, Oct. 12, 1933;
Trueman (Br.) 16,846, of 1887.

All of the references disclose the coating of meat with fatty materials, and with the exception of the patent to Trueman they all teach that the meat so coated may be stored in refrigeration for long periods.

Both the tribunals below relied particularly upon the patent to Brewis and the Linley patent. The Brewis patent, in stating the invention for a method of preserving beef and other perishable foods during storage, teaches the application of edible beef fat, among other edible fats, to both entire carcasses or parts thereof. The Linley patent discloses the application of heated rectified cottonseed oil or fat of a similar nature to carcasses or quarters of meat, including beef, for preservation purposes while the meat is under refrigerated storage. This patent teaches that the so treated meat remains in above freezing refrigeration chambers for about thirty days.

It is true, as was observed by the board, that the prior art does not disclose the use of oleo stock as the coating material and that the patentees of the references had in mind the protection of meat during long periods of storage, rather than appellant's object of storing to secure the effect of aging.

Both the examiner and the board held the oleo stock set out in the claims and the beef fat of the Brewis patent to be closely analogous products. This holding appears to us to be reasonable, particularly in view of the specification of the application herein in which it is stated that: "Any suitable, edible fat may be employed * * *."

Therefore, we agree with the board that the use of oleo stock cannot be considered as critical in appellant's method. Oleo stock from a patentable standpoint is no different from the coating materials disclosed by the Brewis patent.

It appears to us that the steps in the claims were well known to the prior art. The system of aging beef is not new to appellant. It is quite generally known that to "hang" beef in a suitable temperature for a given length of time results in the beef becoming tender. It is also known that when so hung without a protective coating the outside, particularly the cut surfaces of the meat, becomes discolored, molded, and "whiskered," and that it becomes necessary to cut away this undesirable portion of the meat before selling it. There is nothing, however, in the alleged invention of appellant that has any effect whatever on the aging process itself. The applied coating merely minimizes the discoloration and foreign growth on the meat, and when it is ready for sale lessens the necessary cut off waste. The storage period suggested by both the Brewis and Linley references is equivalent to that mentioned by appellant, and the same results in condition of the aged product must be regarded as necessarily inherent in the methods of these patents as are claimed in the method of appellant.

The decision of the Board of Appeals is affirmed.

Affirmed.